IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KAREN LYN STORY,               §
                               §
          Plaintiff,           §
                               §
VS.                            §   NO. 4:05-CV-562-A
                               §
AEGON USA, INC., ET AL.,       §
                               §
          Defendants.          §

MEMORANDUM OPINION
and
ORDER

     Came on for consideration the motion of defendants, Aegon
USA, Inc., and Transamerica Life Insurance Company, for summary
judgment.  Based on the motion, the response of plaintiff, Karen
Lyn Story, the summary judgment record, and the applicable
authorities, the court has concluded that defendants' motion
should be granted.

I.

Plaintiff's Petition

     In plaintiff's active pleading, her second amended original
petition filed in state court, she states that her cause of
action against defendants is that they terminated her employment
because they "perceived that she was disabled due to a mental
illness," in violation of the Texas Commission on Human Rights
Act ("TCHRA").  Not. of Removal Ex. G at 3, ¶ 12.

II.

<u>Grounds for the Motion and the Response</u>

In their motion, defendants move for summary judgment on the following three grounds:

> 1.  Plaintiff was not discharged because of an actual or perceived disability.  Plaintiff was discharged after senior management learned that Plaintiff had disclosed that she had a felony conviction for theft and it would have violated the Federal Violent Crime Control and Law Enforcement Act of 1994 for an insurance company to continue to employ her.
>
> 2.  Since Plaintiff has not alleged that she was disabled, but merely pled that she was "regarded as" disabled, there was no duty to provide a reasonable accommodation.
>
> 3.  In the alternative, to the extent Plaintiff contends her bipolar condition precludes the company from addressing her performance and attendance issues, Plaintiff is not a "qualified individual with a disability" within the meaning of the TCHRA.

Mot. at 2.  Thus, defendants assigned grounds in their motion that are outside the scope of the sole pleaded complaint of plaintiff that defendants terminated her employment because they perceived her to be disabled.

In her response, plaintiff likewise goes beyond the scope of her pleading by asserting that she in fact does have a disabling mental impairment, and that she was terminated because of her disability.  Also, plaintiff asserts in her response that "no attempt was made to determine what type of accommodation she needed," Resp. at 10, even though she had failed to allege in her petition any cause of action that she was denied accommodation because of an actual or perceived disability.

III.

Summary Judgment Principles

3

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. <u>Anderson</u>, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a

4

proper motion for summary judgment.  <u>Simmons v. Lyons</u>, 746 F.2d
265, 269 (5th Cir. 1984).

IV.

<u>Undisputed Facts</u>

The following is an overview of the evidence pertinent to
the motion for summary judgment that is undisputed in the summary
judgment record.

From 1997 until her termination on December 16, 2002,
plaintiff was employed as a staff accountant by Aegon.  In August
2002, plaintiff was diagnosed with bipolar disorder by her
psychologist, Dr. Jerome Mabli, Ph.D.  At plaintiff's annual
performance review held on November 27, 2002, Aegon manager Karen
Turner informed plaintiff that her work performance was poor and
needed improvement.  As the meeting was concluding, plaintiff
entered the following handwritten notation in a section of the
review designated for employee comments:  "I do not agree [with
the review's evaluation of her performance].  I have been
diagnosed as bipolar and am taking medication to control my mood
swings." Defs.' App. at 61. Following the meeting, plaintiff
also informed Aegon supervisor Karla Moeller that she had been
diagnosed with bipolar disorder.

On December 6, 2002, Aegon received a letter from
plaintiff's psychologist confirming his diagnosis of plaintiff's
bipolar disorder and counseling Aegon's "staff to avoid further
stress on or harassment of [plaintiff]."  Pl.'s App. at 29.
Aegon Executive Vice President Lynn Hartung ("Hartung")

considered Malbi's letter an official request for an
accommodation under the American with Disabilities Act, 42 U.S.C.
§ 12102(2)(C), and forwarded it to the legal department for
consideration.

Around the same time, Hartung learned that plaintiff's
personnel file indicated she had a felony conviction.  This
information had been available in plaintiff's personnel file
throughout her employment but Hartung was not aware of the
conviction until December 2002.  Plaintiff was terminated on
December 16, 2002.

V.

Analysis

The court declines the invitations extended by the parties
in the motion for summary judgment and response thereto to
analyze and resolve issues that are outside the scope of the
causes of action alleged in plaintiff's petition.  Therefore, the
court is not devoting time to the issues of whether plaintiff had
an actual disability, whether plaintiff was discharged because of
an actual disability, whether defendants had a duty to provide
reasonable accommodation, whether defendants provided reasonable
accommodation or make an appropriate attempt to do so, and
whether plaintiff was a qualified individual with a disability
within the meaning of the TCHRA.  Plaintiff's active pleading
does not raise any of those issues.  As previously noted, the
only issue raised is whether defendants terminated plaintiff's

employment because they perceived that she was disabled due to a mental illness.

The burdens of proof in disability discrimination cases brought under the TCHRA are identical to those applicable to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Pegram v. Honeywell, 361 F.3d 272, 287 (5th Cir. 2004). As applied to a "perceived disability" claim, a plaintiff must first make a prima facie case of disability discrimination by establishing that (1) she was perceived to be disabled by defendants, (2) she was otherwise qualified for the position, (3) her termination was motivated by her perceived disability, and (4) she was either replaced by, or treated differently than, a non-disabled employee. See McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 280-81 (5th Cir. 2000); see also Tex. Lab. Code § 21.125. If plaintiff carries that burden, defendants may offer a legitimate non-discriminatory reason for terminating plaintiff; and, if they do, the burden shifts back to plaintiff to offer some evidence that the stated reason was merely pretext. Little v. Tex. Dep't of Crim. Justice, 177 S.W.3d 624, 633-35 (Tex. App.--Houston [1st Dist.] 2005).

In Sutton v. United Air Lines, Inc., the Supreme Court identified two ways in which an individual may come within the "perceived to be" disabled definition: (1) the defendant mistakenly believes that the individual has a physical impairment that substantially limits one or more major life activities, or (2) the defendant mistakenly believes that an actual, non-

7

limiting impairment substantially limits one or more major life activities.  527 U.S. 471, 489 (1999).  In either situation, the defendant must "entertain misperceptions about the individual--it must believe either that one has a substantially limiting impairment that one does not have or that one has substantially limiting impairment when, in fact, the impairment is not so limiting."  Id.

An employer's knowledge that an employee has a physical or mental impairment, without more, is not sufficient to establish that the employer regarded the employee as disabled.  Foreman v. Babcock & Wilcox, 117 F.3d 800, 806 (5th Cir. 1997).  For there to be a perception of disability by an employer, the employer must believe that the perceived impairment substantially limits one or more major life activities.  See Murphy v. United Parcel Serv., 527 U.S. 516, 521-22 (1999).[1]

The court interprets the first ground of defendants' motion to present basically three issues: First, that the summary judgment record will not support a finding that defendants perceived plaintiff to be disabled; second, that the record will

---

[1] According to the applicable regulations, one suffering a "substantially limiting" disability will be:

(i) unable to perform a major life activity that the average person in the general population can perform; or

(ii) significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)

8

not support a finding that plaintiff's discharge was motivated by a perception by defendants that she was disabled; and, third, even if one were to assume that the record raises a prima facie case of disability discrimination, plaintiff cannot prevail because defendants have offered a legitimate non-discriminatory reason for terminating plaintiff, and the record will not support a finding that the stated reason is merely pretext.

To find a persuasive argument in defendants' first ground, the court need look no further than the first issue listed above. In her active pleading, plaintiff contends defendants terminated her employment because they perceived her bipolar disorder to be a debilitating mental illness.  Thus, her claims falls under the second category of cases discussed in Sutton; and, plaintiff has the burden to show that defendants believed she was substantially limited in one or more major life activities by her bipolar disorder.  527 U.S. 471, 489 (1999).  However, there is no evidence in the summary judgment record that defendants ever perceived that plaintiff's bipolar disorder prevented her from performing her duties as a staff accountant.  Forman, 117 F.3d at 806; Ellison v. Software Spectrum, Inc., 85 F.3d 187, 192 (5th Cir. 1996).  The record contains no evidence from which a reasonable trier of fact could find that defendants ever perceived plaintiff's bipolar disorder as substantially limiting.

Because this conclusion, alone, is dispositive, the court need not consider any of the other issues raised in defendants motion.

VI.

<u>O R D E R</u>

For the reasons stated herein,

The court ORDERS that defendants' motion for summary judgement be, and is hereby, granted and that plaintiff's claims against defendants be, and are hereby, dismissed.

SIGNED March 20, 2006.

<u>    /s/ John McBryde            </u>
JOHN McBRYDE
United States District Judge